IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICKY RONNELL EWING, #34353**                                                      **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 1:15-cv-254-HSO-JCG**

**UNKNOWN JONE,**
**UNKNOWN SANFORD,**
**UNKNOWN DAVIS,**
**UNKNOWN MCCLEAVEN,**
**V. LYON,**
**M. ARRINGTON,**
**UNKNOWN JORDAN,**
**UNKNOWN BROWN**
**AND UNKNOWN FORD**                                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court, sua sponte, for consideration of dismissal. Pro Se Plaintiff Ricky Ronnell Ewing is incarcerated with the Mississippi Department of Corrections. He brings this Complaint [1] challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983.[1] The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

### I. BACKGROUND

Ewing is alleging a denial of medical care for his asthma by prison Nurses Jone, Sanford, Davis, McCleaven, Lyon, Arrington, Jordan, Brown and Ford. Ewing is currently litigating a § 1983 case in this Court, civil action number 1:15-cv-253-

---

[1]Ewing was granted permission to proceed *in forma pauperis*. *See* Order [12].

LG-RHW, against the same nine nurses, plus three other Defendants, alleging a denial of medical care for his asthma and other conditions.

In civil action number 1:15-cv-253-LG-RHW, the Court has allowed Ewing to proceed with his claims by issuing a Notice of Lawsuit and Request to Waive Service of Summons for all Defendants. Since Ewing is already proceeding with his claims in this Court, an Order [13] was entered in this case on November 13, 2015, advising Ewing that an action is malicious if it duplicates the allegations of another pending lawsuit by the same plaintiff. The Order [13] directed Ewing to either voluntarily dismiss this case or file a response showing cause why this case should not be dismissed as malicious to civil action number 1:15-cv-253-LG-RHW.

In his response, Ewing states that this case is not malicious because Nurses Ford and Brown are employed at the Mississippi State Penitentiary and the remaining Defendants are employed at the South Mississippi Correctional Institution. Resp. [14] at 1. As stated above, all Defendants in this case are also named Defendants in civil action number 1:15-cv-253-LG-RHW. The only difference between these actions is that three additional defendants are named in civil action 1:15-cv-253-LG-RHW, and Ewing has asserted additional medical claims in civil action number 1:15-cv-253-LG-RHW.

## II. DISCUSSION

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal

-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because Ewing is proceeding as a pauper, § 1915(e)(2) applies to this case.

"An action is malicious for purposes of § 1915(e)(2)(B)(i) if it duplicates the allegations of another pending federal lawsuit by the same plaintiff." *Allard v. Quinlan Pest Control Co., Inc.,* 387 F. App'x 438, 440 (5th Cir. 2010) (citing *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)). Ewing's allegations clearly duplicate the allegations pending in his previously filed civil action. As stated above, service of process has issued in civil action number 1:15-cv-253-LG-RHW, and Ewing is litigating his medical claims in that case. Ewing is entitled to "one bite at the litigation apple--but no more." *Pittman*, 980 F.2d at 995. Therefore, this Court concludes that this action is malicious and should be dismissed. *See Emmett v. Hawthorn,* 459 F. App'x 490, 491 (5th Cir. 2012) (finding "an action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation").

### III.  CONCLUSION

For the foregoing reasons, this case is deemed malicious to Ewing's other pending civil action warranting dismissal under § 1915(e)(2)(B)(i). Since Ewing is proceeding with his claims in civil action number 1:15-cv-253-LG-RHW, this dismissal is without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**SO ORDERED AND ADJUDGED**, this the 1st day of February, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE